United States District Court
Southern District of Texas
**ENTERED**
May 15, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| OVIDIO ALBERTO CARCAMO LOZANO, | § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-3226 |
| vs. | § | |
| WARDEN, Joe Corley Processing Center, *et al.*, | § | |
| Respondents. | § | |

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AN AMENDED PETITION AND FOR RESPONDENT TO FILE AMENDED ANSWER**

The petitioner, Ovidio Alberto Carcamo Lozano, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Docket Entry No. 1). Carcamo Lozano has now filed a Motion for Leave to File Amended Petition for Writ of Habeas Corpus, or in the Alternative, Notice of Amended Petition Filed as of Right Pursuant to Fed. R. Civ. P. 15(a)(1)(B). (Docket Entry No. 7). The motion contains the proposed amended petition at Docket Entry No. 7-1. The court will grant the motion and **orders** as follows:

1. The Motion for Leave to File Amended Petition for Writ of Habeas Corpus, or in the Alternative, Notice of Amended Petition Filed as of Right Pursuant to Fed. R. Civ. P. 15(a)(1)(B) (Docket Entry No. 7) is **granted**.

2. The Clerk is **instructed** to docket the amended petition currently located at Docket Entry No. 7-1 as the next entry on the docket.

3. The respondent's Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment (Docket Entry No. 5) is **denied** as moot.

4. The Clerk must deliver copies of the amended petition and this Order to the Acting United States Attorney for the Southern District of Texas, John G.E. Marck, by electronic mail to USATXS.CivilNotice@usdoj.gov.

5. The proper respondent must file an amended answer or other appropriate responsive pleading within **seven (7) days** after the date of service and must forward a copy to the petitioner's counsel. If matters outside the pleadings are relied upon, the motion will be treated as a motion for summary judgment and should be titled as such.

6. In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's amended answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

This petition challenges the substantive reasonableness of the petitioner's detention under the Constitution. There are "four 'nonexhaustive' factors governing when detention is unreasonable: the length of detention, the likelihood it will continue, the reasons for delay, and how confinement conditions compare to criminal punishment." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026) (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211–12 (3d Cir. 2020)). The respondents' amended answer must address whether the petitioner's detention is reasonable under these factors.

7. Whether the respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), the petitioner must file any response within **ten (10)**

**days** of the date reflected on the certificate of service. The petitioner's response must also address the reasonableness of his detention under the four factors in *Michelin*, 169 F.4th at 433. Under the court's local rules, the petitioner's failure to respond will be considered a representation that the petitioner does not oppose the motion. *See* S.D. Tex. L.R. 7.4. If the petitioner fails to comply on time, the court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

8. The respondents must notify the petitioner's counsel and the court of any anticipated or planned transfer of Ovidio Alberto Carcamo Lozano outside of the Southern District of Texas **at least five (5) days before** any such transfer.

SIGNED on May 13, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge